KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
CHRISTOPHER C. MONEY, ESQ.
Nevada Bar No. 5724
Shumway Van & Hansen
8985 S. Eastern Avenue, Suite 160
Las Vegas, Nevada 89123
Tel: (702) 478-7770
Fax: (702) 478-7779
Attorneys for Creditor
K & L Baxter Family LP

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re<br><br>CHRISTOPHER BENTLEY,<br><br>Debtor. | Case No.: 09-34491-MKN<br>Chapter 7 Involuntary<br><br>**OPPOSITION TO CHRISTOPHER BENTLEY'S MOTION TO DISMISS INVOLUNTARY CHAPTER 7 BANKRUPTCY PETITION** |

Comes now, K&L Baxter Family LP ("Petitioner") and hereby submits the following Opposition to Christopher Bentley's Motion to Dismiss Involuntary Chapter 7 Bankruptcy Petition.

## INTRODUCTION

The involuntary Chapter 7 petition filed against Christopher Bentley ("Bentley") by Petitioner should not be dismissed because:

(1) Bentley has listed several creditors in the list of creditors attached to his Answer to Involuntary Bankruptcy Petition which are also listed by The Bentley Group, Inc. ("TBGI"), of which Bentley is a principal, and which is a separate debtor, in its list

1

of creditors attached to TBGI's Answer to Involuntary Bankruptcy Petition filed in Case N. 09-34486-MKN making it unclear which debtor is a debtor of which creditor;

(2) Bentley has listed single entities to which he has multiple debts as more than one creditor;

(3) Bentley has listed numerous debts which are *de minimis* in nature in order to claim that he has more than twelve (12) creditors; and

(4) Petitioners claims are not contingent.

When the list of creditors of Bentley is re-examined in light of the foregoing, it is unclear whether Bentley in fact has more than twelve (12) creditors as he alleges in his Motion which necessitates a trial on the merits of the involuntary petition.

## FACTS

On or about April 29, 2009 TBGI borrowed $100,000 from the Petitioner. By the terms of the agreement all principal and interest were to be repaid on or before July 30, 2009. The promissory note was executed jointly and severely and by separate guaranty by the principal of TBGI, who is Bentley. True and correct copies of the loan and guaranty documents are attached hereto as Exhibit 1.

On October 5, 2009 the Petitioner commenced an action against TBGI and Bentley in the Eighth Judicial District Court for the State of Nevada. After issuing subpoenas to the bank for TBGI and Bentley, it was discovered that TBGI transferred $73,222.99 to the personal bank account for Bentley on October 9, 2009. Bentley, then withdrew **in cash** $76,250 wiping out the entire balance of the account. Other transfers and withdrawals were made in the same time frame with total withdrawals between October 1, 2009 and October 9, 2009 of over $350,000 leaving TBGI and Bentley with

no assets whatsoever with which to pay their respective debts. True and correct copies of the bank statements are attached hereto as Exhibit 2.

On discovery of the transfers, on or about December 29, 2009, Petitioner initiated this involuntary bankruptcy proceeding.

## ARGUMENT

I.  **The Involuntary Petition Should Not Be Dismissed Because Bentley is Sharing Creditors with its TBGI**

Bentley lists seven creditors in the list of creditors attached to his Answer which also appear on the list of creditors attached to TBGI's Answer.[1] If Bentley is not the debtor of a particular creditor, that creditor is not properly a creditor of Bentley and should not be counted toward the number of creditors Bentley has. *See In Re Blaine Richards & Co., Inc.*, 10 B.R. 424 (E.D. New York 1981) (credit cards issued to individual principal of debtor and used for business expenses could not be included as obligations of the debtor because the individual was the account holder). Bentley lists American Express Centurion Bank as a creditor and identifies the debt as $14,000 owed on a Platinum business credit card. An identical listing appears on the list of creditors attached to TBGI's Answer. If this obligation is in fact a credit card issued to Mr. Bentley which he uses for business expenses which TBGI independently agreed to reimburse to Bentley, American Express Centurion Bank is a creditor of Bentley's, not TBGI.

////

////

---

[1] These creditors are American Express Bank, American Express Centurion Bank, GMC, Mercedes, Mona, Nevada State Bank and Sovereign Bank.

3

## II. The Involuntary Petition Should Not Be Dismissed Because Bentley has Listed Multiple Obligations to the Same Creditor as More Than One Creditor

11 U.S.C. §101(10) defines the term creditor as an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor... Under 11 U.S.C. §101(15), the term entity includes person, estate, trust, governmental unit, and United States trustee. Under 11 U.S.C. §101(41), the term person includes an individual, a partnership, and a corporation. Since the Bankruptcy Code defines a creditor is an entity that has a claim, it is incorrect to count more than one claim owed to a single entity as more than one creditor. *See In Re New Mexico Properties, Inc., 18 B.R. 936 (D. New Mexico 1982).* Bentley lists Wells Fargo Bank six times on the list of creditors attached to his Answer. Under the controlling statute, however, Wells Fargo is one entity and therefore should be counted as a single creditor rather than as six creditors.

## III. The Involuntary Petition Should Not Be Dismissed Because Bentley Has Listed Multiple *De Minimis* Obligations as Creditors

Bentley includes on the list of creditors attached to his Answer Anderson Pest Control (owed $44), Cox Communications, Inc. (owed $233) and Pool Doctor (owed $110). These are all *de minimis* obligations with very small balances. Cox Communications is a provider of high speed internet service, which is a small, recurring obligation of the Debtor. As the court noted in *In Re Alexandria Sand & Gravel Co.*, if utility companies and similar suppliers are included in the creditor count, "'one can hardly imagine a business enterprise which would not, at any point in time, have 12 or more creditors." *See In Re Blaine Richards & Co., Inc., 10 B.R. 424 (citing In Re Alexandria*

4

*Sand & Gravel Co.)* While there is contrary authority in the Ninth Circuit, [2] Petitioner argues that counting these creditors toward the twelve creditor requirement renders the statutory remedy of a single creditor to file an involuntary petition under 11 U.S.C. §303 meaningless.

### IV.     Petitioner's Claims are Not Contingent

As noted in Bentley's Motion, Petitioner has been granted summary judgment on its claims against Bentley and TBGI in Case No. A600835 in the Eighth Judicial District Court of the State of Nevada.  Bentley makes much of the fact that the minute order granting Petitioner's motion for summary judgment has not be reduced to a formal written order.  However, the fact that a formal written order has not yet been entered by the state court does not make the claim contingent for bankruptcy purposes.  *See In Re All Media Properties, Inc., 5 B.R. 126 (S.D. Texas 1980)* (Claims are contingent as to liability . . . if the debt is one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor. . . . ) In the instant case, there is a judgment against Bentley on a promissory note.  A promissory note is an unconditional promise to pay.  Accordingly, Petitioner's claims are not contingent.

////

////

////

---

[2] In the Matter of Ben Okamoto, 491 F.2d 496 (9th Cir. 1974). However, the Fifth Circuit has taken the contrary view in Denham v. Shellman Grain Elevator, 444 F.2d 1376 (5th Cir. 1971) and other courts have declined to follow the Ninth Circuit's position (See In re Atwood, 124 B.R. 402 (S.D.Ga. 1991)).

5

## CONCLUSION

Based upon the foregoing arguments, it is not clear that Bentley in fact has more than twelve creditors. At the least, Petitioner is entitled to discovery to investigate whether Bentley has claimed as creditors entities that are in fact creditors of TBGI and not creditors of Bentley. The argument that Petitioner's claim is contingent is without merit since the obligation was evidenced by a promissory note.

DATED this 16th day of February, 2010.

SHUMWAY VAN & HANSEN

/s/ Kevin R. Hansen
KEVIN R. HANSEN, ESQ.
Nevada Bar No. 6336
CHRISTOPHER C. MONEY, ESQ.
Nevada Bar No. 5724
Shumway Van & Hansen
8985 S. Eastern Avenue, Suite 160
Las Vegas, Nevada 89123
Attorneys for K&L Baxter FLP

**EXHIBIT 1**

## PROMISORY NOTE

April 26, 2009

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, the undersigned, THE BENTLEY GROUP, Inc., a Nevada corporation and Christopher D. Bentley both jointly and severable ("Maker"), promises to pay to K&L Baxter, LP a limited partnership ("Lender"), or order, at 8440 Carmel Ridge Court, or such other place as the holder of this Promissory Note may designate by written notice to Maker, the principal sum of $100,000.00, together with interest on the unpaid balance of such principal sum at the rate of six percent (6.0%) per annum.

Unless, otherwise paid sooner, the entire principal sum and all accrued interest thereon shall be due and payable in one lump sum on the earler of the first escrow closing of The Bentley Group, Inc. or before July 30, 2009 (the "Maturity Date"). In addition, to all of Lender's other rights and remedies at law or in equity, in the event that the unpaid principal amount and all interest is not paid in full on the Maturity Date, such unpaid amount will accrue interest from and after the Maturity Date until paid in full at the lesser of twelve percent (12%) per annum or the highest rate permitted by applicable law.

This Promissory Note may be prepaid in whole or in part at any time without penalty.

In the event that any action is initiated to enforce collection of this Promissory Note, Lender will be entitled to recover all of its attorneys' fees and costs of collection.

IN WITNESS WHEREOF, Maker has executed this Promissory Note as of the date first written above.

THE BENTLEY GROUP, Inc.
a Nevada corporation

By: _____
Christopher D. Bentley, President

Christopher D. Bentley, as an individual

By: _____
Christopher D. Bentley

## GUARANTY

This Guaranty is entered into as of April 29, 2009, by Christopher D. Bentley ("Guarantor") for the benefit of ("Lender"), with reference to the following facts:

A. Pursuant to that certain Promissory Note (the "Note") of even date herewith, Lender is owed the sum of $250,000.00 by THE BENTLEY GROUP, Inc., a Nevada corporation and Christopher D. Bentley both jointly and severable ("TBG") which is due and payable on the earlier of the first escrow closing of The Bentley Group, Inc. or before July 30, 2009 (the "Maturity Date").

B. Guarantor has an interest in TBG and has received direct or indirect benefits as a result of the consideration received by TBG under the Note. Lender would not have entered into the Note without Guarantor's guaranty the performance of TBG under the Note. Unless otherwise indicated, all capitalized terms contained herein shall have the same meaning as set forth in the Note.

NOW THEREFORE, as a material inducement to Lender to enter into the Note, Guarantor promises and agrees in favor of Lender as follows:

1. <u>Guaranty</u>. Guarantor hereby unconditionally and irrevocably guarantees to Lender, the prompt payment of all amounts due and owing under the Note.

2. <u>Continuing Guaranty</u>. Guarantor's liability shall be continuing and shall only be affected by the payment to Lender of the full amount of the Note.

3. <u>Notice</u>. Notice of acceptance of this guaranty as well as all demands, presentments, notices of protest and notices of every kind or nature, including those of any action or nonaction on the part of TBG, Lender, or anyone else, are hereby fully waived by Guarantor.

4. <u>Default by TBG</u>. Upon and at any time following any default of the TBG, Lender may, at its option, proceed directly and at once, without notice, against Guarantor to collect and recover the full amount of the liability hereunder, or any portion thereof, without proceeding against TBG or any other person.

5. <u>Attorneys' Fees</u>. Guarantor shall pay to Lender upon demand all costs and expenses incurred by Lender in connection with determination, protection, or enforcement of any and all of Lender's rights hereunder, including enforcement of any and all obligations of Guarantor hereunder.

6. <u>Entire Agreement</u>. This Guaranty contains the entire guaranty agreement between Guarantor and Lender, supersedes any other guaranty agreement between Guarantor and Lender and the provisions hereof may be modified, altered, or amended only by written agreement signed by Guarantor and Lender. Delivery of this Guaranty may be facilitated by facsimile transmission.

1
--

In witness whereof, the undersigned has executed this Guaranty as of the date first written above.

_____
Christopher D. Bentley

2

**EXHIBIT 2**

```
                    2100 088                                   088-0013-0521
                                                         PAGE      1 OF     1
        THE BENTLEY GROUP INC                            STATEMENT PERIOD
        11920 SOUTHERN HIGHLANDS PKWY                    FROM        10/01/09
        LAS VEGAS, NV  89141                             THRU        10/31/09

                                                         ENCLOSURES         0



              -----------FIRST REPUBLIC-DREYFUS CASH MANAGEMENT**-----------

        ACCOUNT NBR DD   088-0013-0521    BEGINNING BALANCE          $.00
        MINIMUM BAL                $.00   DEPOSITS/CREDITS     $123,295.25
        YTD INTEREST             $18.31   INTEREST PAID              $.00
        YTD WITHHOLDING            $.00   CHECKS/DEBITS        $123,295.25-
                                          SERVICE CHARGES            $.00
                                          ENDING BALANCE             $.00
                                          # DEPOSITS/CREDITS            2
                                          # CHECKS/DEBITS               4

        DATE      DESCRIPTION                      AMOUNT         BALANCE

        10/01  BEGINNING BALANCE                                     $.00
        10/02  SWEEP TRANSFER CREDIT             98,295.25       98,295.25
               TRF ACCT DD 98400706373
        10/05  SWEEP TRANSFER DEBIT               3,785.15-      94,510.10
               TRF ACCT DD 98400706373
        10/06  SWEEP TRANSFER DEBIT              36,745.94-      57,764.16
               TRF ACCT DD 98400706373
        10/07  SWEEP TRANSFER DEBIT               9,541.17-      48,222.99
               TRF ACCT DD 98400706373
        10/09  INTERNET TRANSFER                 73,222.99-      25,000.00-
               TO DDA#98400706373 ON 10/09 AT 13.06
        10/09  INTERNET TRANSFER                 25,000.00             .00
               FROM DDA#98400706373 ON 10/09 AT 13.14
        10/31  ENDING BALANCE                                       $.00
```

```
            2100 084                        984-0002-5626
                                      PAGE     1 OF     1
CHRISTOPHER D BENTLEY                 STATEMENT PERIOD
OR JODI M BENTLEY TTEES OF THE        FROM       10/01/09
CHRISTOPHER & JODI BENTLEY REV TRST   THRU       10/31/09
11937 OAKLAND HILLS DR
LAS VEGAS, NV   89141                 ENCLOSURES         0
```

------------------ BUSINESS ANALYZED CHECKING ------------------

```
ACCOUNT NBR DD  984-0002-5626   BEGINNING BALANCE        $.00
AVG BALANCE        $74,218.74   DEPOSITS/CREDITS   $101,250.00
MINIMUM BAL              $.00   INTEREST PAID            $.00
                                CHECKS/DEBITS      $101,250.00-
                                SERVICE CHARGES          $.00
                                ENDING BALANCE           $.00
                                # DEPOSITS/CREDITS          1
                                # CHECKS/DEBITS             4
```

### DEPOSITS AND CREDITS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/02 | INTERNET TRANSFER<br>FROM DDA#98400706373 ON 10/02 AT 19.05 | 101,250.00 |
| | TOTAL   ITEMS   1 | $101,250.00 |

### WITHDRAWALS AND DEBITS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/02 | INTERNET TRANSFER<br>TO DDA#98400025600 ON 10/02 AT 19.07 | 5,000.00- |
| 10/05 | INTERNET TRANSFER<br>TO DDA#98400025600 ON 10/05 AT 20.22 | 20,000.00- |
| | TOTAL   ITEMS   2 | $25,000.00- |

### OTHER TRANSACTIONS

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 10/09 | WITHDRAWAL-CASH | 1,000.00-  *NO COPY AVAILABLE* |
| 10/09 | CLOSING WITHDRAWAL | 75,250.00- |
| | TOTAL   ITEMS   2 | $76,250.00- |