Kyle O. Stephens, Esq., Bar No.: 7928
Michael J. Walsh, Esq., Bar No. 10265
**LARSON & STEPHENS**
810 S. Casino Center Blvd., Suite 104
Las Vegas, NV 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
Attorneys for Christopher Bentley

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re

CHRISTOPHER BENTLEY,

                Debtor.

Case No.: 09-34491-MKN

Chapter 7

**CHRISTOPHER BENTLEY'S MOTION FOR SUMMARY JUDGMENT**

Date: April 14, 2010
Time: 2:30 p.m.

Christopher Bentley ("Bentley") hereby submits the following Motion for Summary Judgment and asks this Court for an Order granting summary judgment dismissing the involuntary bankruptcy filed by Baxter FLP ("Baxter").

This Motion is made and based on, Rule 303 of the Bankruptcy Code, Rule 56 of the Federal Rules of Civil Procedure as incorporated in Federal Rules of Bankruptcy Procedure Rule 7056, on the points and authorities which follow, the Declaration of Christopher Bentley ("Bentley Declaration") filed concurrently herewith, the pleadings and papers and other records contained in the Court's file, judicial notice of which is hereby requested, and any evidence or oral argument presented at the time of the hearing on this matter.

///

WHEREFORE, Bentley respectfully requests that the Court enter an order granting summary judgment in favor of Bentley and for such other and further relief as the Court deems just and appropriate.

LARSON & STEPHENS, LLC

By: _____
KYLE O. STEPHENS, ESQ.
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89109
Attorneys for Christopher Bentley

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   JURISDICTION AND VENUE.**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 303.

**II.   STATEMENT OF FACTS**

2. On October 5, 2009, Baxter filed a lawsuit against Christopher Bentley and Bentley Group claiming, *inter alia*, the breach of a promissory note and guaranty, Case No. A600835 in the Eighth Judicial District Court, Clark County, Nevada.

3. On October 29, 2009, Christopher Bentley and Bentley Group filed their answer.

4. On November 5, 2009, Baxter filed a Motion for Summary Judgment. The Motion for Summary Judgment was scheduled to be heard on January 5, 2010. On December 30, 2009, the District Court issued a minute order granting Baxter summary judgment.

5. On December 31, 2009, Baxter filed this involuntary chapter 7 bankruptcy petition against Christopher Bentley. No written order or judgment in favor of Baxter has been entered.

6. On January 26, 2010, Bentley filed an answer to the involuntary chapter 7 bankruptcy petition and attached a list of Bentley's creditors. *See* Docket No. 7.

7. Bentley has more than twelve (12) creditors. Indeed, as of December 31, 2009, the date of the involuntary petition, Bentley had the following creditors:

| | | |
|---|---|---|
| 1. | American Express Bank | $50,000 |
| 2. | American Express Centurion Bank | $74,650 (multiple accounts) |
| 3. | American General Insurance | $161 |
| 4. | Anderson Pest Control | $44 |
| 5. | Aspen Hills Farms | $300 |
| 6. | Bank of America | $134,000 (multiple accounts) |
| 7. | Bank of the West | $558,000 (multiple accounts) |
| 8. | Chase | $8,000 |
| 9. | Cox Communications | $233 |
| 10. | Dell Leasing | $16,500 |
| 11. | Gerrard, Cox & Larsen | $12,120 |
| 12. | Christopher Communities HOA | $358 |
| 13. | Las Vegas Valley Water District | $200 |
| 14. | Mercedes | $60,000 |
| 15. | Mona | $100,000 |
| 16. | Nevada State Bank | $4,500,000 |
| 17. | Nocturna | $202 |
| 18. | NV Energy | $2,300 |
| 19. | Par 3 | $400 |
| 20. | Pool Doctor | $110 |
| 21. | Republic Services | $40 |
| 22. | Sam's Club | $1,286 |
| 23. | Southwest Gas | $150 |
| 24. | Sovereign Bank | $350,000 |
| 25. | Sprint | $50 |
| 26. | Storage One | $866 |
| 27. | TSI | $258 |
| 28. | Wells Fargo | $2,404,500 (multiple accounts) |
| 29. | K&L Family LP | $100,000 |

See Bentley Declaration at ¶ 8.

8. The only petitioning creditor on the involuntary chapter 7 bankruptcy petition that was filed by Baxter was Baxter.

## III. LEGAL ARGUMENT.

### A. Standard for Summary Judgment.

Summary judgment is appropriate if, construing all evidence in a light most favorable to the non-moving party, no genuine issues of material fact appear, and the moving party is entitled to judgment as a matter of law. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir. 1989); Ray v. Continental Western Ins. Co., 920 F. Supp. 1094, 1097 (D. Nev. 1996); Fed. R. Civ. P. 56. "There is no genuine issue of material fact if the party opposing the motion 'fails to make an

adequate showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Taylor, 880 F.2d at 1045, (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); see also Ray, 920 F. Supp at 1097. Issues of material fact must be supported by evidence, and conclusory allegations that are unsupported cannot defeat a motion for summary judgment. Taylor, at 880 F.2d at 1045; Ray, 920 F. Supp. at 1097.

A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

There are no genuine issues of material fact regarding the failure of Baxter to comply with 11 U.S.C. § 303 (b). Indeed, Declaration of Christopher Bentley, the exhibits attached thereto, and the Court's Docket demonstrate that dismissal of the involuntary bankruptcy is appropriate. As discussed below, Bentley is entitled to summary judgment in favor of Bentley.

**B.  The Involuntary Petition Should Be Dismissed Because 11 U.S.C. § 303 (b) Requires That If A Debtor Has More Than 12 Creditors An Involuntary Case Can Only Be Commenced By Three Or More Creditors Filing An Involuntary Petition**

This Court should grant summary judgment and dismiss this case because an involuntary petition against Bentley could only be commenced by three or more creditors. 11 U.S.C. § 303 (b) provides:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title –
>
> (1) by three or more entities, each of which is either a holder of a claim against such a person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, . . . if such noncontingent, undisputed claims aggregate at least $13,475 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

4

(2) if there are fewer than 12 such holders...by one or more such holders that hold in the aggregate at least $13,475 or such claims;

In this case, the analysis is simple. Bentley has more than 12 creditors. *See* Bentley Declaration at ¶ 8. Accordingly, pursuant to 11 U.S.C. §303(b), a chapter 7 involuntary bankruptcy proceeding may only be commenced against Bentley by three or more of Bentley's creditors. It is undisputed that in this case only one creditor, Baxter (who Bentley contends is a contingent creditor), commenced this involuntary bankruptcy petition. Accordingly, Baxter's involuntary chapter 7 petition should be dismissed because Baxter's involuntary chapter 7 petition was not filed by three or more creditors as §303(b) of the Bankruptcy Code requires.

Baxter has argued that the involuntary chapter 7 bankruptcy petition should not be dismissed because Bentley is sharing creditors with a different debtor, The Bentley Group, Inc., and that the Court should not count *de minimis* creditors when determining the number of creditors. Neither argument is compelling. Baxter's claim that Bentley cannot count creditors because they are shared with Bentley Group has no basis in law and flies in the face of Bankruptcy Code §101(10) and §303. The bottom line is that, to the extent a creditor is shared, both Bentley Group and Christopher Bentley are debtors. *See* Loan Agreements and Personal Guarantees, Exhibits 1-7 to the Declaration of Christopher Bentley. Accordingly, all the creditors should be counted and, when counted, Bentley has far more than twelve (12) creditors.

Furthermore, all of the creditors listed in the Bentley Declaration must be counted regardless of amount. *See In re Okamoto*, 491 F.2d 496 (9th Cir. 1974). In *Okamoto*, the Ninth Circuit specifically held that *de minimis* creditors should be counted when determining the number of creditors a debtor has. *See id.* at 498.

The *Okamoto* Court reasoned that:

> The Congress has explicitly prescribed the procedure that must be followed when less than three creditors join in the petition. In such circumstances the Act provides that the alleged bankrupt must have less than twelve creditors and expressly excludes certain types of creditors from the required computation. Since Congress made no distinction between large and small claims, we cannot arrogate unto ourselves the power to do so and thereby engraft an additional exception to the Act.

5

*See id.* Accordingly, all of the creditors listed in the Bentley Declaration must be counted and, when counted, it reveals that Bentley has 29 creditors, substantially more than the twelve (12) creditors required under 11 U.S.C. § 303 (b).

Pursuant to 11 U.S.C. §303(b), a chapter 7 involuntary bankruptcy proceeding may only be commenced against Bentley by three or more of Bentley's creditors. It is undisputed that in this case only one creditor, Baxter (who Bentley contends is a contingent creditor), commenced this involuntary bankruptcy petition. Accordingly, summary judgment should be granted in favor of Bentley and Baxter's involuntary chapter 7 petition should be dismissed because Baxter's involuntary chapter 7 petition was not filed by three or more creditors as §303(b) of the Bankruptcy Code requires.

### C. This Court Should Dismiss The Present Bankruptcy Case Where Baxter Is A Contingent Creditor Of Bentley

Baxter is a contingent creditor of Bentley and therefore should not be allowed to initiate this involuntary chapter 7 bankruptcy case. As referenced above 11 U.S.C. § 303 (b)(1) provides that an involuntary bankruptcy may only be commenced by creditors who hold claims that are not contingent.

Rule 58 of the Nevada Rules of Civil Procedure provides as follows:

(a) Judgment. Subject to the provisions of Rule 54(b):

(1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the court shall sign the judgment and the judgment shall be filed by the clerk;
(2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form and sign the judgment, and the judgment shall be filed by the clerk. The court shall designate a party to serve notice of entry of the judgment on the other parties under subdivision (e).

(b) Judgment in Other Cases. Except as provided in subdivision (b)(1) of Rule 55, all judgments shall be signed by the judge and filed with the clerk.

(c) When Judgment Entered. The filing with the clerk of a

6

> judgment, signed by the judge, or by the clerk, as the case may be, constitutes the entry of such judgment, and no judgment shall be effective for any purpose until the entry of the same, as hereinbefore provided. The entry of the judgment shall not be delayed for the taxing of costs.
>
> . . .
>
> (e) Notice of Entry of Judgment. Within 10 days after entry of a judgment or an order, the party designated by the court under subdivision (a) shall serve written notice of such entry, together with a copy of the judgment or order, upon each party who is not in default for failure to appear and shall file the notice of entry with the clerk of the court. Any other party may in addition serve a notice of such entry. Service shall be made in the manner provided in Rule 5(b) for the service of papers. Failure to serve notice of entry does not affect the validity of the judgment, but the judgment may not be executed upon until such notice is served.

The requirement of NRCP 58(c) that the judgment must be written to be valid was discussed in detail in *Rust v. Clark County School District*, 103 Nev. 686, 747 P.2d 1380 (1987). The *Rust* Court held that:

> An oral pronouncement of judgment is not valid for any purpose, NRCP 58(c); therefore, only a written judgment has any effect, and only a written judgment may be appealed. *See Tener v. Babcock* 97 Nev. 369, 632 P.2d 1140 (1981); *Fitzharris v. Phillips*, 74 Nev. 371, 333 P.2d 721 (1958). The district court's oral pronouncement from the bench, the clerk's minute order and even an unfiled written order are ineffective for any purpose and cannot be appealed. *See Farnham v. Farnham*, 80 Nev. 180, 391 P.2d 26 (1964); *Musso v. Triplett*, 78 Nev. 355, 372 P.2d 687 (1962).

*Rust* 103 Nev. at 689, 747 P.2d at 1382.

Here, no written order or judgment was ever issued or signed by the judge in the underlying District Court case. As provided in *Rust*, an oral pronouncement or even a minute order is "ineffective for any purpose." *See id.* Without a written order, Baxter's claim remains contingent and Baxter is not eligible to be a petitioning creditor under 11 U.S.C. §303(b)(1). *See* 11 U.S.C. §303(b)(1) (requiring the petitioning creditors' claims be not contingent). Accordingly, Baxter's involuntary chapter 7 bankruptcy petition should be dismissed. Accordingly, Bentley is entitled to summary judgment and dismissal of the involuntary chapter 7

bankruptcy petition.

## IV. CONCLUSION

For the foregoing reasons, Bentley requests this Court grant summary judgment in favor of Bentley and dismiss the involuntary bankruptcy petition filed by Baxter with prejudice. Bentley has more than twelve (12) creditors and, therefore, 11 U.S.C. §303 requires more than three petitioning creditors to commence this involuntary case. Moreover, Baxter is not a qualified creditor for the purposes of 11 U.S.C. §303.

DATED this 19 day of March, 2010.

LARSON & STEPHENS

By _____
Kyle O. Stephens, Bar No. 7928
Attorneys for Christopher Bentley

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

**CERTIFICATE OF SERVICE**

1. On this 19th day of March, 2010, I served the following document(s) (specify):

   A.  Christopher Bentley's Motion for Summary Judgment

2. I served the above-named document(s) by the following means to the persons as listed below:
   *(check all that apply)*

   ☒  a.  **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

   Kevin Baxter            Kevin@shumwayvan.com

   Michael C. Van          michael@shumwayvan.com

   ☒  b.  **United States mail, postage fully prepaid**
   *(List persons and addresses. Attach additional paper if necessary)*

| | | |
|---|---|---|
| K&L Baxter Family LP<br>8440 Carmel Ridge Court<br>Las Vegas, NV 89113 | Office of the United States Trustee<br>300 Las Vegas Blvd., So., Suite 4300<br>Las Vegas, NV 89101 | American Express Centurion Bank<br>Box 0001<br>Los Angeles, CA 90096 |
| American Express Centurion Bank<br>Box 0001<br>Los Angeles, CA 90096 | American Express Centurion Bank<br>Box 0001<br>Los Angeles, CA 90096 | American Express Centurion Bank<br>Box 0001<br>Los Angeles, CA 90096 |
| American General Insurance<br>PO Box 0798<br>Carol Steam, IL 60132 | Anderson Pest Control<br>4300 N. Pecos, Ste. 9<br>Las Vegas, NV 89115 | Aspen Hills Farms<br>13080 La Cienega St.<br>Henderson, NV 89044 |
| Bank of America<br>PO Box 851001<br>Dallas, TX 75285 | Bank of America<br>PO Box 851001<br>Dallas, TX 75285 | Bank of West<br>PO Box 515274<br>Los Angeles, CA 90051 |
| Bank of the West<br>PO Box 4122<br>Concord, CA 94524 | Bank of the West<br>PO Box 4122<br>Concord, CA 94524 | Bank of the West<br>PO Box 4122<br>Concord, CA 94524 |
| Bank of the West<br>PO Box 4057<br>Concord, CA 94524 | Cox Communications, Inc.<br>PO Box 53262<br>Phoenix, AZ 85072 | Chase<br>PO Box 94014<br>Palatine, IL 60094 |
| Dell Leasing<br>PO Box 81577<br>Austin, TX 78708-1577 | Gerrard, Cox & Larsen<br>2450 St. Rose Pkwy., Ste. 200<br>Henderson, NV 89074 | GMC<br>PO Box 9001948<br>Louisville, KY 40290 |
| Southern Highlands Community Assoc.<br>11411 Southern Highlands Pkwy., Ste. 120<br>Las Vegas, NV 89141 | Las Vegas Valley Water District<br>1001 S. Valley View Blvd.<br>Las Vegas, NV | Mercedes<br>PO Box 9001689<br>Louisville, KY 40290 |
| Mona<br>9145 S. Las Vegas Blvd.<br>Las Vegas, NV 89123 | Nevada State Bank<br>PO Box 990<br>Las Vegas, NV 89125 | Preferred Homecare<br>PO Box 40700<br>Mesa, AZ 85274 |
| NV Energy<br>PO Box 30086<br>Reno, NV 89520 | Par 3<br>4610 Wynn Rd., Ste. B<br>Las Vegas, NV 89103 | Pool Doctor<br>PMB 213<br>1421 N. Jones Blvd. |

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

|  |  | Las Vegas, NV 89108 |
|---|---|---|
| Republic Services<br>PO Box 78040<br>Phoenix, AZ 85062 | Sams Club<br>PO Box 530942<br>Atlanta, GA 30353 | Southwest Gas<br>PO Box 98890<br>Las Vegas, NV 89150 |
| Sovereign Bank<br>PO Box 12707<br>Reading, PA 19612 | Embarq<br>PO Box 660068<br>Dallas, TX 75266 | Storage One<br>11330 Dean Martin Dr.<br>Las Vegas, NV 89141 |
| TSI<br>8550 W. Charleston Blvd.,<br>Ste.110<br>Las Vegas, NV 89117 | Wells Fargo<br>PO Box 54349<br>Los Angeles, CA 90054 | Wells Fargo<br>PO Box 54780<br>Los Angeles, CA 90054 |
| Wells Fargo<br>PO Box 54780<br>Los Angeles, CA 90054 | Wells Fargo<br>PO Box 54780<br>Los Angeles, CA 90054 | Wells Fargo<br>PO Box 30086<br>Los Angeles, CA 90054 |
| Wells Fargo<br>PO Box 30086<br>Los Angeles, CA 90054 | Wells Fargo<br>PO Box 30427<br>Los Angeles, CA 90054 | NV Anesthesiology Partners<br>1930 Village Center Circle<br>Ste. 3-999<br>Las Vegas, NV 89134 |
| Christopher Communities, HOA<br>630 Trade Center Dr., Ste 100<br>Las Vegas, NV 89119 | Gilbert B. Weisman, Esq.<br>Becket & Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701<br>Attorneys for American Express<br>Centurion Bank |  |

☐    **c.**    **Personal Service** *(List persons and addresses. Attach additional paper if necessary)*

I personally delivered the document(s) to the persons at these addresses:

☐    For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐    For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

☐    **d.**    **By direct email (as opposed to through the ECF System)**
*(List persons and email addresses. Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐    **e.**    **By fax transmission**
*(List persons and fax numbers. Attach additional paper if necessary)*

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached

☐    **f.**    **By messenger** *(List persons and addresses. Attach additional paper if necessary)*

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. *(A declaration by the messenger must be attached to this Certificate of Service)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed on (date): March 19, 2010

_Shalinda R. Creer_             _Linda Allen_
(Name of Declarant)            (Signature of Declarant)

LARSON & STEPHENS
810 S. Casino Center Blvd., Suite 104
Las Vegas, Nevada 89101
Tel: (702) 382-1170  Fax: (702) 382-1169

11